### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-06449 BKT** |
| | **Chapter 11** |
| **CARLINA ORTEGA** | |
| **Debtor(s)** | **FILED & ENTERED ON 10/29/2014** |

### ORDER

Before this court is the motion for relief of the automatic stay pursuant to 11 U.S.C. §362(d)(1)&(2) filed by secured creditor LSREF2 Island Holdings, LTD. (Island Holdings) [Dkt. No.14], as well as Debtor's response [Dkt No. 24], supplement [Dkt No. 28] and reply [Dkt No. 43] thereto. For the reasons set forth below, Island Holdings' request for relief of the automatic stay is denied.

### I.     Background

Debtor filed a voluntary petition under the provisions of chapter 13 of the Bankruptcy Code on August 6, 2014 [Dkt. No. 1]. Debtor submitted her schedules on September 8, 2014 [Dkt No. 20]. Debtor disclosed in her schedules an interest over her deceased father's estate. The hereditary estate includes several real estate properties. Debtor claims to have 42% participation on the hereditary estate [Dkt No. 20, p. 5].

Island Holdings is the owner and holder of a mortgage note and a mortgage deed which encumbers one of the real properties of the hereditary estate, to which Debtor claims to have an interest [Dkt. No. 14]. The real property in question is located in Barrio Candelero Abajo de Humacao (the "Real Property"). As part of the loan agreement, the non-debtor borrowers (Debtor's

parents) assigned the rents of the Real Property to Island Holdings. On August 28, 2014, Island Holdings requested relief from the automatic stay in order to foreclose on the Real Property [Dkt. No. 14].

Island Holdings' allegations in support of its claim for relief are twofold. First, that Debtor is part of an hereditary community and/or hereditary estate that has not been distributed or adjudicated. The Real Property is part of that hereditary or probate estate. Therefore, the Real Property does not belong to the Debtor and consequentially is not part of the estate. Island Holdings' asserts that the "probate exception" is controlling and deprives this court of subject matter jurisdiction to adjudicate the percentage of participation of the Debtor until there is a final adjudication in the state court. Furthermore, Island Holdings asserts that prior to the filing of the petition the state court adjudicated Island Holdings rights over the real property's proceeds and rents, and issued an order and writ for execution in favor of Island Holdings, thus further preventing this court from adjudicating over any related amounts. Island Holding concedes that the Debtor owns an interest or right to a distribution of a fraction of the hereditary estate, but until the estate is resolved, the Debtor and its bankruptcy estate have no property interest in the Real Property itself.

Debtor responds to this jurisdictional point by arguing that the Court need not assign or adjudicate on the percentage of Debtor's interest in the property. Rather, Debtor asks that the Court finds that the Debtor has a legally recognizable interest to the Real Property. Debtor's purported interest stems from the possession and control over the Real Property, and from the future interest over the distribution of the Real Property. The Debtor holds that these interests suffice to award the Debtor the protection of the automatic stay upon the Real Property.

Island Holdings' second allegation is on the merits of the request for relief from the

automatic stay. The Debtor thoroughly briefed and discussed its opposition to the request for relief from stay. However, because the court concludes that the Debtor does not survive the first jurisdictional prong, there is no need to go into the merits of the request for relief.

**II.     Discussion**

**A.     Jurisdiction in general**

The jurisdiction of the bankruptcy court, like that of any other federal court, is limited by statute. Subsections 1334(a), (b) and (e) of title 28, United States Code, establish the jurisdiction of the federal district courts over title 11 cases, civil proceedings in title 11 cases and property of the title 11 estate. Particularly, Section 1334(b) of Title 28 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or 'related to' cases under title 11." This jurisdiction is original and exclusive as to the title 11 case itself and property of the estate. In turn, 28 U.S.C. § 157(a) permits the district courts to refer most of that jurisdiction to the bankruptcy courts established by 28 U.S.C. § 151 as units of the district courts.

At its essence, bankruptcy court jurisdiction exists in cases "under" the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., and those cases "arising under," "arising in," and "related to" title 11. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). Thus, a bankruptcy court may hear and finally determine all core bankruptcy proceedings; the parties' agreement is not needed. 28 U.S.C. § 157(b). ). In non-core "related to" proceedings, however, only the district court may enter final orders absent consent of the parties. 28 U.S.C. § 157(c). The court is not going to expound on the issue of jurisdiction inasmuch as prior opinions of this Court have covered this topic extensively.

**B.      Property of the estate**

A bankruptcy estate is created upon the commencement of a bankruptcy case. Section 541(a) defines the property that is considered part of this bankruptcy estate. In relevant part, property of the estate includes all legal or equitable interests of the debtor in property, wherever located or by whomever held, as of the commencement of the case. 11 U.S.C. § 541(a)(1). This definition is limited to a point in time –the commencement of the case. As a result, under section 541 a Debtor cannot be revested with property lost prepetition, such as through foreclosure or eviction. 5 Collier on Bankruptcy ¶541.03 (16th ed.)

**C.      The Probate Exception**

The "probate exception" is a court-made exception to federal bankruptcy jurisdiction. In the case of <u>Marshall v. Marshall</u>, 126 S. Ct. 1735, 1748 (U.S. 2006), the U.S. Supreme Court held that such exception, however, is a narrow one. Jurisdictional concerns reserve to state probate courts "the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." <u>Marshall v. Marshall</u>, supra.

Given the narrowness of the exception, this Court must consider the status and relationship of the probate estate being administered in state court with the request for relief brought in the bankruptcy court by Island Holdings.  But first, we look into the somewhat related case of <u>In re Garcia</u>, 507 B.R. 32, 43 (1st Cir.BAP 2014), recently decided by the Bankruptcy Appellate Panel for the First Circuit ("BAP"). In <u>Garcia</u>, the chapter 7 trustee sought from the bankruptcy court (1) a determination that the debtors had a 78.54 percent interest in the sale proceeds of certain properties

of a probate estate, and (2) an order directing the turnover of such funds, which had been consigned to the probate court. The assets of the probate estate had not been adjudicated or distributed at the time of the filing of the bankruptcy petition. The assets had remained at all times in the possession of the probate court. The BAP found that the assets never ceased to be part of the probate estate. As a result, the BAP held that the funds had not become property of the Debtors, and therefore they never became property of their bankruptcy estate. The BAP concluded that "[a]t most, the Debtors owned a right to distribution of a fraction of the hereditary estate; until the funds are distributed, the Debtors and their bankruptcy estate have no property interest in the funds themselves. Therefore, the funds in question are not property of the bankruptcy estate." In re Garcia, 507 B.R. at 43. This Court is inclined to follow BAP's rationale.

**D.      State court action**

It is undisputed that the Debtor holds an interest in part of a hereditary community that has not been adjudicated by the probate court. The Real Property is part of that probate estate. The assets of the probate estate had not been distributed as of the time of the filing of the instant bankruptcy petition. The assets of the probate estate have remained at all times in the possession of the probate court.

Furthermore, before the filing of the petition, Island Holdings obtained a judgment from the probate court adjudicating to Island Holdings the rights over the Real Property's proceeds and rents, and an order and writ for its execution.

Here, as in the case of In re Garcia, the Real Property is still an asset of the probate estate, which has not been distributed and has not ceased to be part of the probate estate. As a result, the Real Property is not property of the Debtor, and therefore it did not become property of her

bankruptcy estate. At most, the Debtor owns a right to a potential future distribution of a fraction of the hereditary estate. In re Garcia, 507 B.R. 32, 43 (1st Cir.BAP 2014). The Debtor and her bankruptcy estate have no property interest in the real property itself. And so, the Real Property is not property of this bankruptcy estate. Id.

Consequently, the Court finds Island Holding's arguments on lack of subject matter jurisdiction persuasive. Therefore, the Court concludes that it lacks jurisdiction to adjudicate on the merits of any request for relief over the Real Property.

WHEREFORE, IT IS ORDERED that the request for relief of the automatic stay shall be, and it hereby is, DENIED insofar the Court lacks jurisdiction to adjudicate on the merits of said relief.

SO ORDERED

San Juan, Puerto Rico, this 29th day of October, 2014.

Brian K. Tester
U.S. Bankruptcy Judge